UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division – In Admiralty

IN THE MATTER OF THE COMPLAINT
OF JACKSON CREEK MARINE, LLC, AS
OWNER OF THE TUG JACQUELINE A

Civil No. 2:16-cv-98

## ORDER

Before the Court is a Motion for Summary Judgment from Limitation Plaintiff Jackson Creek Marine, LLC ("Jackson Creek") on the claims of cross-claimants Perdue Agribusiness, LLC; Perdue Farms, Inc.; and Perdue Foods, LLC (collectively "Perdue"). *See* Mot. Summ. J. (ECF No. 41). This Court referred the matter to a United States Magistrate Judge for report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

The Magistrate Judge's Report and Recommendation recommends that Jackson Creek's Motion for Summary Judgment be granted. *See* R&R (ECF No. 67). In relevant part, the Report and Recommendation concludes that there is no triable issues of fact regarding Perdue's indemnity claims because, under the circumstances presented, Perdue can be held proportionately liable only for its own negligence. Perdue timely filed an Objection to this portion of the Report and Recommendation, and Jackson Creek responded. *See* Objection (ECF No. 76); *see also* Resp. (ECF No. 80).

This Court shall make a *de novo* determination of those portions of the Report and Recommendation or specified findings and recommendations to which objection is made. *See* Fed. R. Civ. P. 72(b)(3). The Court has reviewed the issue *de novo* and considered the Objection and Response carefully. The Magistrate Judge's conclusion regarding Perdue's claim to contractual indemnity is sound.[1] The Report and Recommendation is adopted in its entirety.

## CONCLUSION

The Court, having reviewed the record and examined Perdue's objections to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the Report and Recommendation. It is, therefore, **ORDERED** that Jackson Creek's Motion for Summary Judgment (ECF No. 41) as to Perdue's crossclaims be **GRANTED**.

The remaining parties are **ORDERED** to participate in Court-assisted settlement efforts to attempt to resolve the claims that remain pending in this matter. Counsel are **DIRECTED** to contact the Court's Docket Clerk at 757-222-7222, within thirty (30) days of entry of this Order to schedule a settlement conference before a United States Magistrate Judge.

The Clerk is **REQUESTED** to send a copy of this Order to the Magistrate Judge and to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

August 16, 2017
Norfolk, Virginia

---

[1] *See* 2 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 5-9 (5th ed.) ("The [warranty of workmanlike performance] doctrine is not fully applicable to towing contracts, however, at least insofar as it conflicts with the admiralty rule imposing liability only for negligent conduct."); *see also id.* § 12-4 ("Because of the manifest unfairness of granting indemnity to a party guilty of concurrent negligence, the courts have abandoned indemnity in favor of applying the rule of comparative fault, except in the context of *Ryan* itself, where the tow is liable without fault and the tug is guilty of negligence.").